# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RAJESH KATAKDAUNDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:11-cv-344-WTL-MJD |
| | ) |
| CLIENT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on the Defendant's motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). The motion is fully briefed, and the Court, being duly advised, agrees that venue does not properly lie in this Court. However, rather than dismiss this case as the Defendant requests, the Court determines that it is more appropriate to transfer it to the Central District of Illinois pursuant to 28 U.S.C. § 1406(a).

This is a Fair Debt Collection Practices Act case that arises out of events that took place between the Plaintiff, a resident of Illinois, and the Defendant, a Missouri corporation with its principal place of business in Missouri. The Defendant asserts in its motion, and the Plaintiff does not dispute, that none of the relevant events took place within the Southern District of Indiana. The Plaintiff argues that venue nevertheless lies in this district pursuant to 28 U.S.C. § 1391(b), which provides for venue in "a judicial district where any defendant resides, if all defendants reside in the same State," and 28 U.S.C. § 1391(c), which provides that for venue purposes a corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction. However, in conjunction with the instant motion the Defendant has presented evidence that demonstrates that it is not, in fact, subject to the personal jurisdiction of

this Court. Accordingly, the Court determines that the Southern District of Indiana is not a proper venue for this case.

The Defendant asks the Court to dismiss this case for improper venue. The Plaintiff, in turn, asks that the case instead be transferred to the Central District of Illinois, which is where the Plaintiff resides. 28 U.S.C. § 1406(a) provides for such a transfer "if it be in the interest of justice," and the Court finds that to be the case here.[1] Accordingly, the motion to dismiss is **denied** and this case is, instead, **ORDERED TRANSFERRED** to the United States District Court for the Central District of Illinois.

SO ORDERED: 06/20/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1] The Defendant did not address the issue of transferring the case rather than dismissing it, so the Court assumes it has no basis for objecting to the transfer.